

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700      973/645-2700
Newark, NJ 07102

Malagold/PL AGR
2007R00793

May 28, 2010

Michelle Adubato, Esq.
Adubato & Jaffe
725 Broadway
Bayonne, NJ 07002

      Re: <u>Plea Agreement with Galitano Gjoni</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client, Galitano Gjoni, and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until July 1, 2010, and if a guilty plea consistent with this agreement is not entered in federal court by that date, this offer will expire.

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Galitano Gjoni to an Information which will charge him with conspiracy to distribute MDMA contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), in violation of 21 U.S.C. § 846. If Galitano Gjoni enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Galitano Gjoni for his distribution MDMA as described in the complaint, Mag. No. 09-3534 (MF). However, in the event that a guilty plea is not entered in this matter or for any reason the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Galitano Gjoni may be commenced against him, notwithstanding the expiration of the limitations period after Galitano Gjoni signs the agreement. Galitano Gjoni agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Galitano Gjoni signs the agreement.

Sentencing

      The violation of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(C) to which Galitano Gjoni agrees to plead guilty carries a statutory maximum prison sentence of 20

years and a statutory maximum fine equal to the greatest of: (1) $1,000,000 or (2) twice the gross profits or other proceeds to Galitano Gjoni. See 21 U.S.C. §§ 841(b)(1)(C) and 855. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Galitano Gjoni is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Galitano Gjoni ultimately will receive.

Further, in addition to imposing any other penalty on Galitano Gjoni, the sentencing judge: (1) will order Galitano Gjoni to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Galitano Gjoni to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Galitano Gjoni, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense (4) may deny Galitano Gjoni certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 841 must require Galitano Gjoni to serve a term of supervised release on Count One of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should Galitano Gjoni be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Galitano Gjoni may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Galitano Gjoni by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Galitano Gjoni's activities and relevant conduct with respect to this case.

Stipulations

This Office and Galitano Gjoni agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Galitano Gjoni from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Galitano Gjoni waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

The defendant understands that, if he is not a citizen of the United States, his plea of guilty to the charged offense will likely result in his removal from the United States by making him deportable, excludable, or inadmissible, or end his naturalization. The defendant has consulted with counsel about the possible immigration consequences of his plea, and understands and is satisfied with counsel's advice. The defendant wants to plead guilty to the charged offense regardless of any immigration consequences of that plea, even if that plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all

challenges to his guilty plea and to his sentence based on those immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on the immigration consequences of his guilty plea, conviction, or sentence.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Galitano Gjoni. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and immigration authorities), or any third party from initiating or prosecuting any civil or administrative proceeding (including a deportation proceeding) against Galitano Gjoni.

No Other Promises

This agreement constitutes the plea agreement between Galitano Gjoni and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: DAVID E. MALAGOLD
Assistant U.S. Attorney

APPROVED:

_____
JOHN GAY
Chief, OC/Gang Unit

I have received this letter from my attorney, Michelle Adubato, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the

parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____   Date: 10/6/10
Galitano Gjoni

_____   Date: 10/6/10
Michelle Adubato, Esq.

Plea Agreement With Galitano Gjoni

Schedule A

1. This Office and Galitano Gjoni recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Galitano Gjoni nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Galitano Gjoni within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Galitano Gjoni further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2009, applies in this case.

3. The applicable guideline is U.S.S.G. § 2D1.1. This guideline carries a Base Offense Level of 28 based on the following drug amounts:

    A. 855.3 grams of MDMA
    B. 95.9 grams of hydrocodone
    C. A conspiracy to distribute approximately 60 KG of marihuana
    D. Total Marihuana Equivilancy: 535.5 KG

4. Within the meaning of § 5C1.2(a)(2), Galitano Gjoni did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

5. Within the meaning of § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

6. Within the meaning of § 5C1.2(a)(4), Galitano Gjoni was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

7. As of the date of this letter, within the meaning of § 5C1.2(a)(5), Galitano Gjoni has truthfully provided to the Government all information and evidence that Galitano Gjoni has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

8. Whether Galitano Gjoni meets the criterion set forth in subdivision (a)(1) of § 5C1.2 has not yet been determined.

9. In accordance with the above, the parties agree that: (a) if the Court finds, that Galitano Gjoni meets the criteria in § 5C1.2, Galitano Gjoni will be entitled to

a 2-point reduction in his offense level pursuant to U.S.S.G. § 2D1.1(b)(11), with the result that the offense level for Count One will be 26; and (b) otherwise, the offense level for Count One will be 28.

10. As of the date of this letter, Galitano Gjoni has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 (two) levels for acceptance of responsibility is appropriate if Galitano Gjoni's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

11. As of the date of this letter, Galitano Gjoni has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the court to allocate its resources effectively. If the offense level is 16 or greater, Galitano Gjoni is entitled to an additional decrease of 1-level pursuant to U.S.S.G. § 3E1.1(b), unless Galitano Gjoni indicates an intention not to enter a plea of guilty or attempts to withdraw a plea of guilty entered into pursuant to this agreement, thereby forcing the government to prepare for trial.

12. In accordance with the above, the parties agree that: (a) if the Court finds that Galitano Gjoni meets the criteria in U.S.S.G. § 5C1.2, total Guidelines offense level applicable to Galitano Gjoni will be 23; and (b) otherwise, the total Guidelines offense level applicable to Galitano Gjoni will be 25 (collectively, the "agreed total Guidelines offense level").

13. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

14. Galitano Gjoni knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 23. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 25. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

15. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.